

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAMONA WILLIAMS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 3:09CV115

OFFICER LISA BURGESS, et al.,

    Defendants.

## MEMORANDUM OPINION

Ramona Williams, a former federal inmate proceeding in forma pauperis, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2). In any action where the litigant is proceeding in forma pauperis, the Court must dismiss the action if it determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

## Preliminary Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke,

2

574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff filed a complaint and was afforded an opportunity to file an amended complaint. Thereafter, Plaintiff filed an amended complaint. Plaintiff's amended complaint provides very few facts as to why any particular defendant should be held liable. Indeed, it is difficult to discern exactly whom Plaintiff wishes to sue. Plaintiff does not provide a list of defendants. The caption of the amended complaint identifies the defendant as "Unknown Officer Of the U.S. Marshal's Service." (Am. Compl. 1.) The body of the complaint indicates that Plaintiff actually seeks to sue five unknown officers with the U.S. Marshal's Service. The allegations regarding the acts of the defendants that give rise to their liability follow:

> I, Ramona Williams, I'm requesting the honorable court to review and grant judgment, for the behavior, misconduct of the officers that are employed by U.S. Marshals Service, here in Richmond, Virginia. I have provided the following documents for review. My injuries are severe, and damaging from an incident that was caused by a few Federal Officer[s]. But for the fact they refused to admit me to a local hospital which was only two minutes away, this neglect and negligence is unacceptable. I was treated worst [sic] than an animal and denied medical treatment at the time of injuries.

(Am. Compl. 1.)[1] Plaintiff then states,
> The refusal of the five U.S. Marshals, to not admit the plaintiff to the hospital on July 24th, 2008 for treatment of her injuries, which

---

[1] In her complaint, Plaintiff asserted that her injuries were caused on July 24, 2008, when members of the United States Marshal's Service pushed her down "thirty flights of steps at the federal court building." (Compl. 1.)

3

> was caused by the defendants. . . . Because of the delayed medical treatment that the plaintiff did not receive on July 24, 2008 has caused on going physical problems for plaintiff. When the plaintiff was transported to Northern Neck Jail she still was not given the medical treatment needed for her injuries. If the incident was not intentional the [sic], I believe the defendants would have done everything within there duty as officers of the law and court to get medical help for the Plaintiff.

(Am. Compl. 2.) Thereafter, Plaintiff provides a narrative of her medical problems in the months following the July 24, 2008 incident. Plaintiff claims the actions of defendants violated a variety of constitutional rights and demands millions of dollars in damages.

### Analysis

In order to state a viable Bivens[2] claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right. See Goldstein v. Moatz, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (citing Bivens, 403 U.S. at 389). A plaintiff may proceed with claims against unknown parties under the established practice of naming parties by fictitious names, such as John Doe #1, John Doe #2. See Schiff v. Kennedy, 691 F.2d 196, 197-98 (4th Cir. 1982). In such cases, however, the "'[c]omplaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served.'" Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977)). Here, Plaintiff has failed to provide a sufficient description of the defendants to allow for service of process.

Plaintiff's complaint suffers from a second defect. The indulgence shown to pro se litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. Bell Atl. Corp., 550 U.S. at 555 (quoting Conley, 355 U.S. at 47)). Plaintiff's complaint does not provide each John Doe or Jane Doe defendant with fair notice as

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

to the facts upon which their individual liability rests. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, [a plaintiff] must explain [in the complaint] what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Although Plaintiff contends that five U.S. Marshals knew she needed medical care and refused to provide it, she fails to allege any facts supporting her claim that this is so. Iqbal, 129 S. Ct. at 1951 (discussing weight given to conclusory allegations). For example, Plaintiff does not allege that John Doe #1 and John Doe #2 pushed her down the stairs and observed her injuries, or that she was in obvious pain when escorted from the Court to the jail by John Doe #3. Accordingly, it is recommended that the complaint be dismissed without prejudice to Plaintiff filing a proper complaint.

Plaintiff is advised that she may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. See Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. See Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file a second amended complaint to correct the deficiencies described above, she must submit the second amended complaint within fourteen (14) days of the date of entry hereof. See Williams v. Wilkerson, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint should provide a list of the defendants. If Plaintiff does not know the name of a defendant, she may list him or her as Jane or John Doe #1, #2, et cetera. Plaintiff must, however, provide a brief description of the Jane or John Doe defendant. Additionally, such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights she believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant the current complaint and all prior submissions. The amended complaint must

5

> stand or fall of its own accord and contain a prayer for relief.

(Dec. 31, 2009 Report and Recommendation.) Plaintiff responded by filing a second amended complaint.

## II. PLAINTIFF'S SECOND AMENDED COMPLAINT

In her second amended complaint, Plaintiff identifies one of the defendants as Lisa Burgess. Otherwise, however, Plaintiff's second amended complaint suffers from the same factual deficiencies as the amended complaint. Indeed, Plaintiff's factual allegations in the second amended complaint are essentially identical to the vague and conclusory factual allegations in the amended complaint recited above. While Plaintiff alleges that Lisa Burgess and four other U.S. Marshals knew she needed medical care and refused to provide it, she fails to allege any facts to support this conclusion. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[B]are assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009))). This omission persists despite the Magistrate Judge's instructions to Plaintiff to allege the facts that would demonstrate why a particular defendant knew she needed medical care. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007) (concluding that a pro se litigant bears greater culpability for

submitting an amended complaint that does not comply with Federal Rule of Procedure 8(a), after being provided with explicit notice of the deficiencies of his or her complaint). Accordingly, the reasoning of the Report and Recommendation will be ACCEPTED AND ADOPTED. The action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Plaintiff.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 11, 2010
Richmond, Virginia